IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONDRICUS TERRELL and MYRON PATRICK JULIAN, | : : : | Civil Action File No. |
| Plaintiffs, | : : | |
| vs. | : : | |
| CSS TRANSPORTATION LLC, and CHRIS SLAUGHTER, | : : : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs Mondricus Terrell ("Terrell") and Myron Patrick Julian ("Julian") (collectively "Plaintiffs") bring this Complaint against Defendants CSS Transportation, Inc. ("CSS") and Chris Slaughter ("Slaughter") (collectively "Defendants") and show the Court as follows:

**1. INTRODUCTION**

1.

This is a wage and hour case.

2.

Slaughter & CSS employed Terrell as a tow truck driver from on or about May 23, 2019 through October 27, 2019. Although Terrell regularly worked more than forty hours a week, Defendants failed to pay him an FLSA overtime premium for such overtime hours.

3.

Slaughter & CSS employed Julian as a tow truck driver from on or about June 13, 2019 through November 2, 2020. Although Julian regularly worked more than forty hours a week, Defendants failed to pay him an FLSA overtime premium for such overtime hours.

4.

Defendants also failed to provide Terrell with his last several paychecks and Julian with his last paycheck, thereby failing to compensate them at or above the statutory minimum wage of $7.25 for each hour worked.

(a) **Jurisdiction and Venue**

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because CSS is located in Marietta, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**(b) The Parties**

7.

Terrell resides in DeKalb County, Georgia.

8.

Julian resides in Clayton County, Georgia.

9.

CSS employed Terrell as a tow truck driver in and around Atlanta, Georgia from approximately May 23, 2019 through October 27, 2019.

10.

At all times material hereto from July 2018 through October 27, 2019, Terrell has been an "employee" of CSS as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defines that term.

11.

CSS employed Julian as a tow truck driver in and around Atlanta, Georgia from approximately June 13, 2019 through November 2, 2020.

12.

At all times from June 13, 2019 through November 2, 2020, Julian has been an "employee" of CSS as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defined that tern.

13.

CSS is a domestic for-profit corporation organized under the laws of the State of Georgia.

14.

At all times material hereto, CSS was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

CSS is subject to the personal jurisdiction of this Court.

16.

CSS may be served with process through its registered agent Chris Slaughter at 2050 Barkwood Court, Marietta, Georgia 30008.

17.

At all times material hereto, Plaintiffs were "employees" of Slaughter as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

18.

Slaughter resides in Cobb County, Georgia.

19.

At all times material hereto, Slaughter was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

20.

Slaughter is subject to the personal jurisdiction of this Court.

21.

Slaughter may be served with process at 2050 Barkwood Court, Marietta, Georgia 30008.

**(c) Individual Coverage**

22.

During their respective periods of employment with Defendants, Plaintiffs regularly operated tow trucks owned by Defendants for the purpose of providing towing services for the operators and owners of disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

23.

During all times relevant from May 23, 2019 through October 27, 2019, Terrell was "engaged in commerce" as employees of CSS as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

During all times relevant from June 13, 2019 through November 2, 2020, Julian was "engaged in commerce" as employees of CSS as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**(d) Enterprise Coverage:**

25.

At all times during the period from May 2019 through November 2, 2020 (hereinafter the "Relevant Time Period"), CSS was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

26.

Throughout the Relevant Time Period, CSS employed two or more persons who regularly provided road side services to customers on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

27.

Throughout 2019, CSS had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

Throughout 2020, CSS had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

Throughout the Relevant Time Period, Plaintiffs and other employees of CSS handled goods which moved in interstate commerce in the furtherance of the commercial purpose of CSS including trucks, gasoline, engine oil, and cellular phones.

30.

Throughout 2019, CSS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

31.

Throughout 2020, CSS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

32.

Throughout 2019, CSS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

Throughout 2020, CSS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

Throughout the Relevant Time Period, CSS has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

(e) **Statutory Employer**

35.

Throughout the Relevant Time Period, Slaughter was an owner and/or operator of CSS.

36.

Throughout the Relevant Time Period, Slaughter exercised operational control over Plaintiffs' work activities.

37.

Throughout the Relevant Time Period, Slaughter was involved in the day-to-day operation of the CSS.

38.

Throughout the Relevant Time Period, CSS vested Slaughter with supervisory authority over Plaintiffs.

39.

Throughout the Relevant Time Period, Slaughter exercised supervisory authority over Plaintiffs.

40.

Throughout the Relevant Time Period, Slaughter scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

41.

Throughout the Relevant Time Period, Slaughter exercised authority and supervision over Plaintiffs' compensation.

**(f) Lack of Exemption – Terrell**

42.

Throughout the Relevant Time Period, Terrell was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

43.

Throughout the Relevant Time Period, Terrell was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

44.

Throughout the Relevant Time Period, CSS did not employ Terrell in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

45.

Throughout the Relevant Time Period, CSS did not employ Terrell in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

46.

Throughout the Relevant Time Period, CSS did not employ Terrell in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

47.

Throughout the Relevant Time Period, Terrell did not supervise two or more employees.

48.

Throughout the Relevant Time Period, CSS did not employ Terrell in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

49.

Throughout the Relevant Time Period, Terrell was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

50.

Throughout the Relevant Time Period, Terrell's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

51.

Throughout the Relevant Time Period, Terrell normally operated a repossession truck or a flatbed tow truck in his performance of work on behalf of Defendants.

52.

Throughout the Relevant Time Period, Terrell did not travel outside of the State of Georgia in the performance of his duties for CSS Transportation.

53.

Throughout the Relevant Time Period, Terrell did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

(g) **Lack of Exemption – Julian**

54.

Throughout the Relevant Time Period, Julian was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

55.

Throughout the Relevant Time Period, Julian was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

56.

Throughout the Relevant Time Period, CSS did not employ Julian in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

57.

Throughout the Relevant Time Period, CSS did not employ Julian in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

58.

Throughout the Relevant Time Period, CSS did not employ Julian in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

59.

Throughout the Relevant Time Period, Julian did not supervise two or more employees.

60.

Throughout the Relevant Time Period, CSS did not employ Julian in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

61.

Throughout the Relevant Time Period, Julian was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

62.

Throughout the Relevant Time Period, Julian's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

63.

Throughout the Relevant Time Period, Julian normally operated a flatbed tow truck in his performance of work on behalf of Defendants.

64.

Throughout the Relevant Time Period, Julian rarely traveled outside of the State of Georgia in the performance of his duties for CSS.

65.

Throughout the Relevant Time Period, Julian did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

(h) **Additional Factual Allegations – Terrell**

66.

Throughout the Relevant Time Period, Defendants compensated Terrell on a commission-only basis.

67.

Throughout the Relevant Time Period, Defendants calculated Terrell's compensation at 30% of what the truck earned per week.

68.

Throughout the Relevant Time Period, Defendants scheduled Terrell to work six (6) shifts during each work week.

69.

Throughout the Relevant Time Period, Defendants scheduled Terrell to work 12 hours, *i.e.,* from 7:00 a.m. until 7:00 p.m., during each work shift.

70.

Throughout the Relevant Time Period, Terrell often worked in excess of 12 hours during a work shift.

71.

Throughout the Relevant Time Period, Terrell usually worked at least 72 hours during each work week.

72.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Terrell worked performing tow services.

73.

CSS failed to compensate Terrell any wages for the last three weeks that he worked for Defendants.

74.

CSS failed to compensate Terrell at a rate of $7.25 per hour for the last three weeks that he worked.

**(i) Additional Factual Allegations – Julian**

75.

Throughout the Relevant Time Period, Defendants compensated Julian on a commission-only basis.

76.

Throughout the Relevant Time Period, Defendants calculated Julian's compensation at 30% of what the truck earned per week.

77.

Throughout the Relevant Time Period, Defendants generally scheduled Julian to work six (6) days during each work week.

78.

Throughout the Relevant Time Period, Defendants generally scheduled Julian to work from 11:00 a.m. until 11:00 p.m. during each work shift.

79.

Throughout the Relevant Time Period, Julian usually worked 12 hours during each work shift.

80.

Throughout the Relevant Time Period, Julian often worked in excess of 12 hours despite being scheduled for less.

81.

Throughout the Relevant Time Period, Julian usually worked at least 72 hours during each work week.

82.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Julian worked performing tow services.

83.

CSS failed to compensate Julian any wages for the last week that he worked for Defendants.

84.

CSS failed to compensate Julian at a rate of $7.25 per hour for the last week that he worked.

**(j) Allegations Common to both Plaintiffs**

85.

Throughout the Relevant Time Period, Defendants knew or should have known that the FLSA applied to Plaintiffs.

86.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Plaintiffs at a rate of no less than $7.25 per hour for every hour worked in a work week.

87.

Throughout the Relevant Time Period, Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Plaintiffs at a rate of at least $7.25 per hour for every hour worked in a work week.

88.

Throughout the Relevant Time Period, CSS Transportation willfully failed to compensate Plaintiffs at a rate of $7.25 per hour for each hour they worked.

89.

Throughout the Relevant Time Period, Defendants knew or should have known that Plaintiffs was entitled to FLSA overtime protections.

90.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Plaintiffs at a rate of one–and–one–half times their regular rate for all time worked in excess of forty (40) hours in a work week.

91.

Throughout the Relevant Time Period, Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants pay Plaintiffs a premium for all hours worked above forty (40) hours in a given workweek.

92.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

93.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

94.

During the Relevant Time Period, Defendants failed to calculate a regular rate for Plaintiffs by dividing the sum total of the commissions they earned and other earnings by the total hours worked.

95.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

96.

Throughout the Relevant Time Period, Defendants failed to compensate Alexander at one-half of his regular rate for each hour worked in excess of forty hours in each week.

97.

Throughout the Relevant Time Period, Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Plaintiffs a premium for all time worked in excess of forty hours in a given workweek.

98.

Throughout the Relevant Time Period, Plaintiffs regularly worked more than forty (40) hours during a given workweek.

99.

Throughout the Relevant Time Period, Defendants failed to pay Plaintiffs at one-and-one-half times their regular rate for time worked in excess of forty (40) hours in any and all workweeks.

### COUNT 1 - FAILURE TO PAY MINIMUM WAGE

100.

The allegations in paragraphs 1-99 above are incorporated by reference.

101.

Throughout the Relevant Time Period, Plaintiffs have been employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

102.

Throughout the Relevant Time Period, Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

103.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

104.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT 2 - FAILURE TO PAY OVERTIME

105.

The allegations in paragraphs 1-104 above are incorporated by reference.

106.

Throughout the Relevant Time Period, Plaintiffs have been employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

107.

Throughout the Relevant Time Period, Plaintiffs regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

108.

Throughout the Relevant Time Period, Defendants failed to pay Plaintiffs at one-and-one-half times their regular rates for time worked in excess of forty (40) hours during each work week.

109.

Throughout the Relevant Time Period, Defendants willfully failed to pay Plaintiffs at one–and–one–half times their regular rates for work in excess of forty (40) hours in any week during the period from July 2018 through November 2, 2020.

110.

Plaintiffs are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

111.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully prays:

1. That their claims be tried before a jury;
2. That they be awarded due but unpaid minimum wages in amounts to be determined at trial against Defendants, jointly and severally;

3. That they be awarded due additional like amounts in liquidated damages; against Defendants, jointly and severally;

4. That they be awarded due but unpaid overtime compensation in amounts to be determined at trial against Defendants, jointly and severally;

5. That they be awarded due additional like amounts in liquidated damages; against Defendants, jointly and severally;

6. That they be awarded their costs of litigation, including their reasonable attorneys' fees from Defendants, jointly and severally;

7. That they be awarded nominal damages; and

8. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

/S/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791